■ In the Matter of EDWIN WRIGHT, Respondent, v PATRICIA WRIGHT, Appellant. [772 NYS2d 740]—

Spain, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered August 2, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

In April 2002, petitioner filed an amended family offense petition pursuant to Family Ct Act article 8 alleging that during the prior two years respondent, his wife of 38 years, had physically assaulted, stalked and harassed him and requesting an order of protection. Following a fact-finding hearing at which testimony was taken from both parties and a counselor who witnessed one of the incidents, Family Court issued a decision finding that respondent had committed acts which would constitute the crimes of assault in the second degree, attempted assault in the third degree and harassment in the second degree. A dispositional hearing ensued, at which the court found that aggravating circumstances had been established and thereafter issued a three-year order of protection, set to expire July 12, 2005 (*see* Family Ct Act § 842).

On a careful review of the record, we agree with respondent's claim that the proof adduced at the fact-finding hearing was insufficient to establish by a fair preponderance of the evidence that her March 2000 conduct in striking petitioner in the eye caused the requisite "serious physical injury" to support a finding that she had committed the act constituting assault in the second degree (*see* Penal Law § 10.00 [10]; § 120.05 [1]; Family Ct Act § 832; *see also People v Parrotte*, 267 AD2d 884, 887 [1999], *lv denied* 95 NY2d 801 [2000]). While evidence adduced at the subsequent dispositional hearing regarding the permanence and nature of petitioner's eye injury supports a finding of a "physical injury," that evidence cannot be relied upon to support Family Court's previous fact finding (*see* Family Ct Act § 834). Nonetheless, despite his limited cognitive abilities, the testimony of petitioner at the fact-finding hearing—which Family Court found to be "totally credible"—sufficiently established that respondent's acts of hitting him in the right eye during this incident and a subsequent incident were intentional and constituted attempted assaults in the third degree (*see* Penal Law § 10.00 [9]; §§ 110.00, 120.00 [1]; *People v Koufomichalis*, 2 AD3d 987, 988 [2003]). Notably, "attempted assault between spouses" (Family Ct Act § 812 [1]) is a family offense.

Moreover, petitioner's testimony—supported by that of the counselor who witnessed respondent restraining him after a

joint counseling session, necessitating police intervention—established that respondent had harassed him (*see* Penal Law § 240.26 [1]; *see also People v Bartkow*, 96 NY2d 770 [2001]). Additionally, petitioner's testimony that respondent had tied him up on several occasions, forced him to drive around and sleep in the car to keep him away from a perceived paramour and repeatedly sat in her car outside residential job sites causing him to lose a long-term job supported the finding that she committed acts constituting harassment (*see* Penal Law § 240.26 [1], [3]). Thus, there is abundant proof in the record to support the findings that respondent committed multiple family offenses.

With regard to respondent's challenge to the duration of the order of protection, sufficient evidence was adduced at the dispositional hearing that respondent had inflicted "physical injury," which amply supports Family Court's finding of the presence of aggravating circumstances (*see* Family Ct Act § 842; *see* Penal Law § 10.00 [9]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]). Accordingly, the order of protection should be modified to reflect that finding in compliance with Family Ct Act § 842 (*see Matter of Flascher v Flascher*, 298 AD2d 393 [2002]; *Matter of Rice v Rice*, 280 AD2d 677 [2001]; *cf. Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]; *Matter of Baker v Ratoon*, 251 AD2d 921 [1998]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by amending the order of protection to reflect the aggravating circumstance of "physical injury," and, as so modified, affirmed.