■ In the Matter of KRISTINE Z., Respondent, v ANTHONY C., Appellant. (Appeal No. 1.) [803 NYS2d 331]—

Appeal from an order of the Family Court, Monroe County (Glenn R. Morton, J.H.O.), entered September 30, 2003 in a proceeding pursuant to Family Court Act article 8. The order, inter alia, directed respondent to stay away from the parties' children except during supervised visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the finding of physical injury and adding the finding of an immediate and ongoing danger and by vacating the visitation provisions and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, which concerns a family offense proceeding brought pursuant to Family Court Act article 8, we conclude that Family Court properly determined that the father of the children at issue, the respondent in appeal No. 1 and the petitioner in appeal Nos. 2 through 4 (hereafter, respondent), committed an act that would constitute harassment in the second degree (Penal Law § 240.26 [1]) and thus properly found that respondent committed a family offense (*see* Family Ct Act § 812 [1]). Contrary to the contention of respondent, the children's mother, the petitioner in appeal No. 1 and the respondent in appeal Nos. 2 through 4 (hereafter, petitioner), established that respondent bit his older son with the requisite intent to harass, annoy or alarm him. Such intent "may, and in most instances must, be established by inferences drawn from the surrounding circumstances" (*People v Collins*, 178 AD2d 789, 789 [1991]), and "[i]ntent may be inferred from the totality of conduct of the accused" (*People v Roman*, 13 AD3d 1115, 1116 [2004] [internal quotation marks omitted], *lv denied* 4 NY3d 802 [2005]; *see McGuffog v Ginsberg*, 266 AD2d 136 [1999]).

Contrary to respondent's contention, the court was not precluded from finding, following the dispositional hearing, that the child had sustained a physical injury despite the fact that it had previously found that the evidence adduced at the fact-finding hearing was insufficient to establish a physical injury. Parties are entitled to submit additional evidence at a dispositional hearing with respect to the issue of the presence of aggravating circumstances (*see generally* Family Ct Act § 834; *Matter of Wright v Wright*, 4 AD3d 683, 685 [2004]). Nevertheless, we agree with respondent that the evidence adduced at the dispositional hearing does not establish that the child actually sustained a physical injury within the meaning of Penal Law § 10.00 (9) to support the finding of aggravating circumstances in the order of protection. "In view of the absence of any additional evidence establishing a sufficient degree of pain or physical consequences, we conclude that the evidence fell short of the required objective level of proof to establish physical injury" (*People v Colantonio*, 277 AD2d 498, 500 [2000], *lv denied* 96 NY2d 781 [2001]; *see People v Rodriguez*, 158 AD2d 376, 377

[1990], *lv denied* 75 NY2d 969 [1990]). We therefore conclude that the court erred in relying on the existence of a physical injury to support the finding of aggravated circumstances in the order of protection.

We conclude, however, that the court otherwise properly found the existence of an additional aggravating circumstance in its bench decision underlying the order in appeal No. 1. "[A]lthough the record does not support the only finding of aggravating circumstances contained in Family Court's written order of protection, namely, that respondent [caused a physical injury], it amply supports [the] other finding[ ] of aggravating circumstances contained in Family Court's [bench] decision" (*Matter of Leticia T. v Tomas V.*, 12 AD3d 170, 171 [2004]; *cf. Matter of Reilly v Reilly*, 254 AD2d 361, 362 [1998]). The evidence at the dispositional hearing established that respondent was an "immediate and ongoing danger" to the children inasmuch as he exhibited violent behavior toward the children and, in their presence, toward petitioner (*Reilly*, 254 AD2d at 362; *see* Family Ct Act former § 842, citing § 827 [a] [vii]). We therefore modify the order in appeal No. 1 accordingly (*see* former § 842; *Leticia T.*, 12 AD3d at 171). We further conclude that the duration of the order of protection is reasonable and in the best interests of the children (*see Matter of Mitchell v Muhammed*, 275 AD2d 783 [2000]; *see also Matter of Leffingwell v Leffingwell*, 86 AD2d 929, 930 [1982]).

We agree with respondent, however, that the provision in the order in appeal No. 1 ordering visitation "as children desire" must be vacated. As we concluded in a prior appeal involving these parties and a similar provision concerning visitation, such a provision "tends unnecessarily to defeat the right of visitation" (*Matter of Casolari v Zambuto*, 1 AD3d 1031, 1031 [2003] [internal quotation marks omitted]; *see Sturm v Lyding*, 96 AD2d 731, 731-732 [1983]; *see also Pincus v Pincus*, 138 AD2d 687 [1988]; *Mahler v Mahler*, 72 AD2d 739 [1979]). "[A]lthough the wishes of the children should be given considerable weight, visitation should not be denied solely on that basis" (*Matter of Eric L. v Dorothy L.*, 130 AD2d 660, 661 [1987]). Indeed, to enable the court upon remittal to fashion whatever visitation it deems appropriate, we further modify the order in appeal No. 1 by vacating all visitation provisions, and we remit the matter to Family Court to determine the issue of visitation following a further hearing, if necessary.

Based on our determination in appeal No. 1, we dismiss the appeals from the orders in appeal Nos. 2 and 3 as moot. The orders in those appeals dismissed, without a hearing, respon-

dent's petitions to modify the visitation provisions of the order in appeal No. 1. We need not reach the issue whether the court erred in dismissing the petitions to modify the visitation provisions of the order in appeal No. 1 because, based on our determination in appeal No. 1, the issue of visitation in that appeal will be determined on remittal.

The order in appeal No. 4 properly dismissed the petition therein for failure to state a cause of action. The petition sought to modify a temporary order of protection that expired on March 29, 2002, well before the issuance of the permanent order in appeal No. 1. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.