■ In the Matter of AMY GUERNSEY, Respondent, v RICHARD GUERNSEY, Appellant. (And Another Related Proceeding.) [830 NYS2d 801]—

Peters, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered May 18, 2006, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 8, to modify a prior order of protection.

Petitioner and respondent are the divorced parents of two children (born in 1990 and 1991). As a result of a family offense petition filed in May 2003 alleging that respondent continually threatened to either assault or kill petitioner with, among other things, a gun located at his residence, Family Court issued a "stay away" order of protection against respondent, on consent, and suspended his license to carry a firearm. The order of protection did, however, permit respondent to attend the children's sporting events until that order was modified in December 2003. The modification also required respondent to stay at least 400 feet away from petitioner's residence. As a result of additional family offense and violation petitions, respondent agreed, in March 2004, to be held in willful violation of the December 2003 modified order of protection and to be sentenced to six months in jail, suspended on the condition that he not violate the terms of another order of protection, issued simultaneously, which again permitted him to attend his

children's sporting events. In September 2004, petitioner filed another violation petition due to respondent's initiation of a high-speed chase with her on the same day that she was in Family Court with him on another matter. In November 2004, Family Court found respondent to be in willful violation of the order of protection, this time committing him to the Otsego County Correctional Facility for six months.[1]

Petitioner filed two modification petitions in December 2005 and January 2006, seeking to have the stay-away provision reinstated for the children's sporting events and an extension of the order for an additional five years. At the conclusion of a fact-finding hearing on both petitions, Family Court found sufficient aggravating circumstances to extend the order of protection, but did allow respondent to attend the children's sporting events so long as he was at least 250 feet away from petitioner. Respondent was also ordered to pay petitioner's reasonable counsel fees. Respondent appeals.

Pursuant to Family Ct Act § 842, Family Court may extend an order of protection to a five-year period upon a finding, on the record, of aggravating circumstances defined by Family Ct Act § 827 (a) or upon a finding "by the court on the record that the conduct alleged in the petition is in violation of a valid order of protection" (Family Ct Act § 842). As Family Court did not detail "on the record that the conduct alleged in the petition is in violation of a valid order of protection" (Family Ct Act § 842), we consider whether respondent's conduct qualifies as an "aggravating circumstance" defined by Family Ct Act § 827 (a) (vii). With "a history of repeated violations of prior orders of protection by the respondent" (Family Ct Act § 827 [a] [vii]), we find sufficient evidence. Family Court took judicial notice of its prior findings that respondent violated the December 2003 modified order of protection, as well as its November 2004 violation finding. Since Family Court was required to articulate respondent's history of violations of its prior orders of protection before extending the order of protection to five years,[2] we will modify that order accordingly (see Matter of Wright v Wright, 4 AD3d 683, 685 [2004]; see also Matter of Flascher v Flascher, 298 AD2d 393, 393 [2002]; Matter of Rice v Rice, 280 AD2d 677, 678 [2001]). With this modification issued prior to the expiration of the previous order of protection which left all other provisions,

---

1. As a result of the divorce proceedings between the parties, the order of protection was again modified in January 2005 to merge the custody and visitation provisions into the order. It was otherwise left unchanged.

2. Family Court simply stated that respondent "has previously been found to have violated an [o]rder of [p]rotection issued by this Court."

not thereby modified, unaltered (*see* Family Ct Act § 842-a [4]; *Matter of Duncan v Duncan*, 25 AD2d 834, 835 [1966]), we reject respondent's claim that there was an insufficient basis to have his firearms license suspended for the full period.

Nor do we find the 250-foot stay-away provision to be contradictory in nature and, therefore, unenforceable. Family Court's factual determinations are entitled to great deference where, as here, they are supported by a sound and substantial basis in the record (*see Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]; *Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]). Family Court heard testimony about the physical layout of these sporting events and the reasons supporting petitioner's request. It found respondent's testimony wholly incredible, especially in light of his prior incarceration and the court's warnings to him thereafter, to wit: "[s]tay away means stay away. Not stay away at a distance you feel comfortable. It means stay away." While we recognize that respondent may not be able to attend certain sporting events due to the size of the forum, we fail to find this to be an inconsistency in the order which would require modification.

As to the payment of reasonable counsel fees, Family Court instructed petitioner's counsel to submit an affidavit of his services. Upon receipt, it stated that it would "issue a separate written order directing [respondent] to reimburse [petitioner] for those expenses." With no order for those expenses yet issued, we lack jurisdiction to entertain respondent's challenge to that determination (*see Matter of Graziano v County of Albany*, 12 AD3d 819, 820 [2004]; *Citibank [S.D.] v Morrissey*, 276 AD2d 963, 963 [2000]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by amending the order of protection to reflect the aggravating circumstance as detailed in this Court's decision, and, as so modified, affirmed.