■ In the Matter of ELVIA GIL, Respondent, v SAMUEL GIL, Appellant. [— NYS2d —]—

Rose, J. Appeals (1) from an order of the Family Court of Delaware County (Becker, J.), entered July 13, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection, and (2) from the order of protection.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children, including a daughter born in 2001. In September 2006, the mother commenced this proceeding alleging, among other things, that in January 2006—some eight months earlier—the father had struck their youngest daughter with his belt. Following a fact-finding hearing, Family Court found that the father had committed the family offenses of harassment in the second degree and menacing in the third degree (*see* Family Ct Act § 812 [1]), and granted the petition. Thereafter, Family Court issued an order of protection directing the father to, among other things, stay away from the home of the mother and the children, although the mother had advised the court that she wished to withdraw the petition and the Law Guardian made no request for a stay-away order.

The father now appeals, arguing that Family Court erred in granting the petition because the evidence did not establish the offenses found by the court. We disagree. The father testified

that he had hit his five-year-old daughter with the strap of his belt twice in the area of her buttocks, making her cry and causing raised welts. According to the mother's sister, who was present, the father had been drinking at the time. The father conceded in his testimony that he had struck his daughter with the intent to frighten or alarm her in order to make her tell the truth. According due deference to Family Court's credibility determinations, we find in the record a preponderance of the evidence showing that the father's actions constituted harassment in the second degree, which involves striking another person with an "intent to harass, annoy or alarm" (Penal Law § 240.26 [1]; *see Matter of Machukas v Wagner*, 246 AD2d 840, 842-843 [1998], *lv denied* 91 NY2d 813 [1998]).

Although the issue is arguably a closer one, we are satisfied that the evidence also supports the further finding that the father's actions constituted menacing in the third degree. That crime involves intentionally placing or attempting to place another person in fear of death, imminent serious physical injury or physical injury (*see* Penal Law § 120.15). Imminent physical injury is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain." The father's actions here caused his daughter to cry, experience substantial pain and welts, and to fear that he would continue to strike her (*see People v Chiddick*, 8 NY3d 445, 448 [2007]; *Matter of Daniel R.*, 49 AD3d 266, 266-267 [2008]).

We do, however, find merit in the father's argument that Family Court erred in issuing an order of protection which includes broad stay-away provisions. While such a provision is permissible (*see* Family Ct Act § 842 [a]), there was no showing here that it was reasonably necessary to protect the parties' children from future similar offenses. The test for the reasonableness of such a condition is whether the actor poses or is likely to pose an "immediate and ongoing danger" to a member of the household (Family Ct Act § 827 [a] [vii]; *see Matter of Ashley P.*, 31 AD3d 767, 769 [2006]). While the evidence at the hearing showed that the father has a history of intoxication, he testified that he had kept his vow to stop drinking immediately following the incident with his daughter, and the mother confirmed this. Inasmuch as the mother also corroborated the father's testimony that he had never struck any of his children before and testified that she and he were sharing custody of the children because she "[did] not want to exclude [her] kids from their father," the stay-away provision exceeded both the relief sought and the level of protection reasonably needed. In these unique circumstances and given the order's other direction that the father

refrain from committing a family offense, we find Family Court's addition of a stay-away provision that precludes most normal contact with his children to be unreasonable (*see Matter of Loriann Q. v Frank R.*, 53 AD3d 735, 736 [2008]; *Matter of Ashley P.*, 31 AD3d at 769).

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the orders are modified, on the law, without costs, by deleting from the order of protection those portions as required respondent to stay away from the home of petitioner and the children and petitioner's business and place of employment, and, as so modified, affirmed.