■ In the Matter of JULIE G., Respondent, v YU-JEN G., Appellant. (And Another Related Proceeding.) [917 NYS2d 355]—

McCarthy, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered August 8, 2007, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent are the parents of two sons (born in 1989 and 1993). In August 2006, while the parties were separated, petitioner commenced the first of these proceedings

against respondent, pursuant to Family Ct Act article 8, alleging that he had committed a family offense. Family Court (Cholakis, J.) issued a temporary order of protection requiring respondent to stay away from petitioner and the children and have no contact with them. The court also granted respondent's motion to transfer the proceeding to Saratoga County, where the parties had previously litigated custody.

In December 2006, petitioner commenced the second of these proceedings alleging that respondent violated the temporary order of protection. The parties subsequently appeared in Saratoga County, where Family Court (Abramson, J.) declined to accept the transfer and sent the proceedings back to Rensselaer County. The court also found respondent in contempt for failing to follow court directions to maintain courtroom decorum, with a sanction of three days in jail.

Following a fact-finding hearing, Family Court (Cholakis, J.) found that petitioner had established that respondent committed a family offense and willfully violated the temporary order of protection. At the conclusion of a dispositional hearing, the court issued an order of protection directing respondent to stay away from and refrain from communicating with petitioner and the children for five years. The court also imposed a one-year term of probation, required respondent to complete a batterer's education program and mental health evaluation, and imposed a 90-day period of incarceration. Respondent appeals.

Saratoga County Family Court did not abuse its discretion in sending the matter back to Rensselaer County Family Court. Although venue was proper in either county because petitioner lived in Rensselaer County and respondent lived in Saratoga County when the first proceeding was commenced (*see* Family Ct Act § 171), respondent moved to Schenectady County prior to the first appearance in Saratoga County. Because neither party then resided in that county, Saratoga County Family Court did not err in exercising its discretion to transfer the proceeding to Rensselaer County, even without a motion by any party (*see* Family Ct Act § 174; *Matter of Fusco v Roth*, 100 Misc 2d 288, 292-293 [1979]).

Respondent's challenge to the summary contempt order in Saratoga County is not properly before this Court. No appeal lies from such an order, which is properly reviewed by a proceeding pursuant to CPLR article 78 commenced in Supreme Court (*see* Judiciary Law § 755; *Matter of Kelly v Kelly*, 34 AD3d 809, 809 [2006]; *Matter of Shockome v Shockome*, 30 AD3d 529, 530 [2006]). "[B]ecause this matter involves a Family Court Judge, this Court is without original jurisdiction to entertain it as a

CPLR article 78 proceeding" (*Matter of Kelly v Kelly*, 34 AD3d at 809; *see Matter of Shockome v Shockome*, 30 AD3d at 530).

Respondent's decision to proceed without counsel was a knowing, voluntary and intelligent waiver of his right to counsel. Generally, a litigant will be deemed competent to proceed pro se if that person is competent to proceed to trial (*see Matter of Anthony K.*, 11 AD3d 748, 749 [2004]). Contrary to respondent's contention, the competency procedures under CPL article 730, applicable in criminal actions, do not govern in family offense proceedings in Family Court (*see Matter of Vance A.*, 105 Misc 2d 254, 264-265 [1980]), due to the civil nature of these proceedings (*see* Family Ct Act § 812 [2] [c]). In civil proceedings, the court can appoint a guardian ad litem for a party who cannot understand the proceedings, defend his or her rights or assist counsel (*see* CPLR 1201). Although respondent was disruptive, and at times made inappropriate motions and objections, the record does not reflect that he was incapable of understanding the proceedings such that a guardian ad litem was necessary (*see Matter of Leala T.*, 55 AD3d 1007, 1008 [2008]; *Matter of Shawndalaya II.*, 31 AD3d 823, 825 [2006], *lv denied* 7 NY3d 714 [2006]). Instead, respondent's persistent behavior appeared to originate from his obstinate nature and insistence that his actions were proper and his wife was wrong. His attempts at representing himself, though inept, were not the result of mental incompetence; his efforts were hampered by his unrelenting belief that he was correct on the law and facts and that no one else could properly represent him.

At the start of the fact-finding hearing, respondent was represented by counsel. During the adjournment before the second date set for the hearing, respondent discharged his counsel. Family Court appropriately denied his request for further time to find new counsel, as the first proceeding had been pending for more than seven months and respondent had almost two weeks before the continuation of the hearing (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1066 [2009], *lv denied* 12 NY3d 712 [2009]). Respondent stated that he did not want to proceed pro se, but he filed motion papers on his own behalf and provided no legitimate explanation of his inability to obtain counsel. In continuing the proceeding with respondent pro se, the court noted that respondent had represented himself many times before, including a 12-day trial in Saratoga County.

After the fact-finding hearing, but prior to the dispositional hearing, respondent obtained new counsel, who then withdrew prior to the hearing. When respondent appeared at the hearing with his third counsel, Family Court granted him an adjourn-

ment to prepare for the hearing. Counsel appeared at and began the hearing with respondent, but respondent engaged in an argument with counsel during petitioner's testimony. Respondent then announced that he wished to discharge counsel. Although counsel stated that he was willing to continue to represent respondent if respondent would allow counsel to make legal decisions, and the court strongly encouraged respondent to think about his choice and advised him that representation by counsel was in his best interests, respondent discharged counsel. The court reasonably denied respondent's request for an adjournment at that point, as his lack of counsel was a situation of his own making. Respondent was not deprived of the right to counsel, as his actions under the circumstances constituted a knowing and voluntary waiver of that right (*see id.*; *Matter of Anthony K.*, 11 AD3d at 749-750).

Petitioner's testimony and the 294 e-mails that respondent sent her between January 2006 and August 2006 established by a preponderance of the evidence that respondent committed the family offense of harassment in the second degree (*see* Family Ct Act § 832).* Petitioner testified that the e-mails from respondent made her feel disgusted and physically ill, and that she repeatedly asked him to stop sending her e-mails unless they were directly related to visitation. Respondent acknowledged that he sent the e-mails. The text of the e-mail messages showed that most of them served no legitimate purpose, but were harassing, annoying, insulting or abusive, thereby establishing respondent's harassment of petitioner (*see* Penal Law § 240.30 [1]; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263-1264 [2009], *lv denied* 14 NY3d 704 [2010]; *cf. Matter of Smith v Smith*, 24 AD3d 822, 823 [2005]).

The evidence also supports Family Court's finding that respondent willfully violated the temporary order of protection by contacting the State Police on Thanksgiving Day with a copy of the parties' custody order, seeking to enlist their help in enabling him to see his son for the holiday. Respondent facilitated this indirect contact with petitioner—which annoyed and harassed her at a time when respondent was aware that she was likely to be celebrating with her family and friends—by failing to provide the State Police with the order of protection or informing them of its existence. The court made a finding of

---

* The petition was sufficient to confer jurisdiction. Although petitioner did not circle any particular offense listed on the form petition, she also did not cross any out. Therefore, the petition could be read to allege that respondent committed any or all of the listed offenses, and her further allegations were sufficient to allege at least harassment (*see* Family Ct Act § 821 [1]).

this willful violation on the record, establishing aggravated circumstances permitting the final order of protection to be issued for a period of five years (*see* Family Ct Act § 842). Because the court did not state this finding of aggravated circumstances on the written order of protection, as required by statute (*see* Family Ct Act § 842), we modify the order of protection accordingly (*see Matter of Guernsey v Guernsey*, 37 AD3d 989, 990 [2007], *lv dismissed* 8 NY3d 1002 [2007]). Considering Family Court's concerns regarding the escalating nature of respondent's conduct, as well as petitioner's testimony relating to respondent's behavior and how it affects the children, the court did not err by directing that respondent stay away from, and have no contact with, petitioner and the children (*see Matter of Amy SS. v John SS.*, 68 AD3d at 1264).

Peters, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by amending the order of protection to reflect the aggravating circumstance as detailed in this Court's decision, and, as so modified, affirmed.