■ In the Matter of JODI S., Respondent, v JASON T., Appellant. (And Three Other Related Proceedings.) [925 NYS2d 211]—

Stein, J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered May 26, 2010, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody and visitation, and issued an order of protection.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2000 and 2003). Pursuant to an order entered on May 26, 2006,

---

* An order of disposition was entered against the father placing the child in petitioner's custody.

the parties shared joint legal custody of the children, with the mother having primary physical custody and the father having parenting time including, among other things, alternate weekends from Saturday at 10:00 A.M. to Sunday at 7:00 P.M. On October 5, 2009, the mother commenced proceedings seeking an order of protection on behalf of herself and the subject children and modification of the prior order of custody and visitation, to include sole custody to her and supervised visitation with the father.

The mother's family offense petition alleged that on October 3, 2009, the father followed her from the local fairgrounds to the parking lot of a nearby store, where he screamed at her and accused her of keeping the children from him, while the father's fiancée videotaped the incident, over the mother's objections. The mother further alleged that the father threatened her and that his behavior scared her and the children. She also alleged that she believed that the father had stopped taking his anti-psychotic medication and that he was increasingly aggressive towards her. Based upon these allegations, Family Court entered a temporary order of protection which, among other things, prohibited the father from having any contact with the mother and the children. That order was modified shortly thereafter to allow for supervised visitation between the father and the children.

In her modification petition, the mother alleged a change in circumstances based upon the father's "increasingly aggressive" behavior and his harassment and threatening conduct toward both her and the children. On the same date the mother filed her petitions, the father filed a petition for modification of custody and visitation seeking to increase his parenting time. The father also filed a petition seeking to modify the temporary order of protection and the mother subsequently filed a petition alleging a violation of the order of protection. The parties' various petitions were consolidated for trial.[1] After the trial, Family Court granted the mother's family offense petition and issued a permanent order of protection for three years, which prohibited the father from having any contact with either the mother or the children, except during the court ordered parenting times. Family Court also determined that there was a change in circumstances warranting modification of the custody and visitation order, awarded the mother sole legal and physical custody

---

1. During the trial, Family Court granted the father's motion to dismiss the mother's violation petition, with prejudice.

and reduced the father's weekend parenting time. The father now appeals.[2]

Family Court's determination that the father committed multiple family offenses in that he engaged in acts constituting harassment, disorderly conduct and stalking is supported by the record (see Family Ct Act § 832; Penal Law § 120.45 [2]; § 240.20 [7]; § 240.26 [2]; Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1082 [2011]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1133 [2010]). The mother testified that, when the father confronted her in the parking lot of a store after following her there from the fairgrounds, he was grabbing at the children, screaming and spitting in the mother's face. She further testified that when she and the children got back in her vehicle after exiting the store, the father stood behind the car and attempted to prevent them from leaving.

The father's intent to engage in the conduct proscribed by the applicable provisions of the Penal Law may be inferred from the circumstances (see Matter of Melissa K. v Brian K., 72 AD3d at 1133; Matter of Christina LL., 233 AD2d 705, 709 [1996], lv denied 89 NY2d 812 [1997]). Moreover, according due deference to Family Court's credibility determinations—especially in the face of the parties' completely contradictory recitations of the events—we find no basis to disturb the court's assessment that the father's conduct served no legitimate purpose and that the videotape of the incident does not exonerate him (see Matter of Boua TT. v Quamy UU., 66 AD3d 1165, 1166 [2009], lv denied 14 NY3d 702 [2010]; Matter of Gil v Gil, 55 AD3d 1024, 1025 [2008]).[3]

Nonetheless, we agree with the father's contention that Family Court erred in making the provisions of the final order of protection effective for a period of three years. In order to issue an order of protection in excess of two years, Family Court is required to make a finding on the record that aggravating circumstances exist (see Family Ct Act § 827 [a] [vii]) or "that the conduct alleged in the petition is in violation of a valid order of protection" (Family Ct Act § 842; see Matter of Guernsey v Guernsey, 37 AD3d 989, 990 [2007], lv dismissed 8 NY3d 1002

---

**2.** Inasmuch as the father has not addressed the award to the mother of sole legal and physical custody on this appeal, any claim regarding that issue is deemed abandoned (see e.g. Matter of Dana A. v Martin B., 72 AD3d 1136, 1137 n [2010]; Matter of Telsa Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1249 n 3 [2010]; Matter of Schermerhorn v Breen, 8 AD3d 709, 710 n [2004]).

**3.** Family Court specifically noted that there were indications that the videotape may have been altered and our independent review of the videotape raises similar questions with regard to whether it completely and accurately portrays the events in question.

[2007]). Here, Family Court did neither. Moreover, Family Court dismissed the mother's violation petition and we find no record evidence to support a finding of aggravating circumstances (*see Matter of Julie G. v Yu-Jen G.*, 81 AD3d at 1083; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]; *compare Matter of Guernsey v Guernsey*, 37 AD3d at 990; *Matter of Wright v Wright*, 4 AD3d 683, 685 [2004]; *Matter of Flascher v Flascher*, 298 AD2d 393 [2002]). Accordingly, the order of protection should be modified to expire after two years.

Additionally, we are persuaded by the father's argument that the record evidence does not warrant the broad provisions of the order of protection requiring him to stay away from the children and their school, except during his scheduled parenting times (*see e.g. Matter of Gil v Gil*, 55 AD3d at 1025; *compare Matter of Julie G. v Yu-Jen G.*, 81 AD3d at 1083; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1264 [2009], *lv denied* 14 NY3d 704 [2010]). There was no testimony adduced, nor did Family Court expressly find, that the stay away provisions were "reasonably necessary to protect" the children from future family offenses (*Matter of Gil v Gil*, 55 AD3d at 1025; *see* Family Ct Act § 827 [a] [vii]). Indeed, Family Court's determination to continue unsupervised visitation with the father belies such a finding. Inasmuch as the narrow limitations placed upon the father's right to have contact with the children deprive him of any opportunity to participate in their school and extracurricular activities and, thus, to maintain a meaningful relationship with them (*see Matter of Doherty v Doherty*, 49 AD3d 641, 642 [2008]), the order of protection should be modified to allow such contact in a manner which is not inconsistent with the provisions of such order pertaining to the mother and this matter shall be remitted to Family Court for that purpose (*see generally Matter of Gil v Gil*, 55 AD3d at 1025-1026; *Matter of Loriann Q. v Frank R.*, 53 AD3d 735, 736 [2008]; *Matter of Ashley P.*, 31 AD3d 767, 769 [2006]).

Turning to the propriety of Family Court's modification of the father's parenting time, the mother was required to establish "a change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Robert SS. v Ashley TT.*, 75 AD3d 780, 781 [2010] [internal quotation marks and citations omitted]; *see Matter of White v Cicerone*, 80 AD3d 1102, 1103 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789 [2010], *lv denied* 15 NY3d 713 [2010]). Here, Family Court clearly articulated its finding that such a change in circumstances existed and warranted modifying the existing order

of joint legal custody to an order granting the mother sole legal and physical custody. However, Family Court did not make an express finding that the change in circumstances warranted the modification of the father's parenting time or that such modification was in the best interests of the children.

As relevant here, pursuant to the May 2006 order, the father had parenting time on alternate weekends from Saturday morning until Sunday evening, in addition to various holidays and one week of vacation during the summer, as well as at other such times upon which the parties could agree. That order also provided that the father would have parenting time on virtually every weekend from the beginning of July to the end of August. In the May 2010 order, which expressly superceded the May 2006 order, the father's regular biweekly parenting time was reduced to a 24-hour period from Friday at 6:00 P.M. to Saturday at 6:00 P.M. and the weekly summer weekend parenting time was eliminated. The record indicates that the parties disagreed concerning various matters including, among other things, the children's religious upbringing and that the father had been interfering with the children's attendance at the church of the mother's choice and religious instruction thereat during his parenting time. Likewise, the father had failed to ensure that the children regularly participated in their usual extracurricular activities during his parenting time. However, the evidence also showed that the father had previously resided some distance from the mother's residence—arguably providing some explanation for his failure to transport the children to their activities during his limited parenting time—but that, at the time of trial, he had relocated his residence to within 10 minutes of the mother's home. Moreover, the record does not reflect whether there were fewer scheduled activities during the children's summer recess from school. In its decision, Family Court focused on the parties' inability to communicate and cooperate with each other and did not relate its findings to the father's request for increased parenting time or to its determination to reduce his parenting time. While there is some evidence that could support a determination that some modification of the father's parenting time was warranted,[4] we are unable to determine what evidence was considered by Family Court and formed the basis for its determination. Since Family Court is in a superior position to fashion an appropriate order

4. Although not determinative, we note that the attorney for the children argued that a reduction in the father's parenting time would be inappropriate and indicated that he would not object to the father having additional vacation time with the children.

in the first instance, we remit the matter to that court for such purpose (*see Matter of Mix v Gray*, 265 AD2d 692, 694 [1999]).

Peters, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) modified respondent's parenting time and (2) issued a permanent three-year order of protection; set the expiration date of the order of protection as May 25, 2012, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the May 2010 order shall remain in effect as a temporary order until the initial court appearance in Family Court; and, as so modified, affirmed.