Peters, P.J.
*1427 Based upon that conduct, petitioner commenced this proceeding alleging that respondent had committed the family offenses of aggravated harassment in the second degree and stalking. Thereafter, Family Court granted respondent’s motion to dismiss the stalking offense and the cause of action for aggravated harassment in the second degree proceeded to a hearing. Family Court found that respondent committed the offense and issued a two-year order of protection requiring her to stay away from petitioner, his wife and their children. Respondent now appeals.
Family Court did not err in denying respondent’s motion to dismiss the aggravated harassment offense. When reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), we afford the petition a liberal construction, accept the allegations contained therein as true and grant the petitioner the benefit of every favorable inference (see Roni LLC v Arfa, 18 NY3d 846, 848 [2011] ; Matter of Pamela N. v Neil N, 93 AD3d 1107, 1108 [2012] ). Moreover, we “may freely consider affidavits submitted by the [petitioner] to remedy any defects in the [petition],” since the dispositive inquiry “ ‘is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one’ ” (Leon v Martinez, 84 NY2d 83, 88 [1994], quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Matter of Pamela N. v Neil N. 93 AD3d at 1108).
Petitioner’s pro se petition alleged that respondent committed the family offense of aggravated harassment in the second degree against “me and/or my children.” His attached affidavit and written answers clarified that the offense was committed against him as a result of respondent’s conduct in sending “cards and letters to [his] daughters after signing an agreement” not to. Petitioner’s affidavit in opposition to the motion to dismiss further elaborated that respondent’s conduct also violated his longstanding request that she refrain from contact. Viewing petitioner’s submissions in the light most favorable to him, they adequately allege that respondent, acting with the requisite intent that can be inferred from the circumstances alleged, engaged in conduct that alarmed or seriously annoyed petitioner (see Penal Law § 240.30; Matter of Pamela N. v Neil N, 93 AD3d at 1109-1110; Matter of Boua TT. v Quamy UU., 66 AD3d 1165, 1166-1167 [2009], lv denied 14 NY3d 702 [2010]).
*1428 Turning to the hearing, we find that petitioner proved by a preponderance of the evidence (see Family Ct Act § 832) that respondent committed the family offense of aggravated harassment in the second degree. Petitioner testified that in June 2010, as a result of a longstanding strained relationship with respondent, he and his wife sent an email to respondent advising her that, until she sought psychiatric help for “serious mental health issues,” they would “no longer accept packages, letters, cards, calls, or any other type of communication” from her or her husband. Petitioner explained that, following this email, respondent nonetheless continued to send packages and letters, culminating in the three cards which form the basis of this proceeding. He testified that, upon retrieving the cards from the mail, he was offended and “beyond devastated.” Petitioner’s wife added that petitioner was “very angry” and “had tears in his eyes” upon receipt of the cards. Notably, respondent admitted that on numerous occasions after the June 2010 email she disregarded petitioner and his wife’s requests for her to cease communication, including causing the cards to be sent. Her intent to annoy or alarm petitioner can be inferred from the circumstances (see Matter of Jodi S. v Jason T, 85 AD3d 1239, 1241 [2011]; Matter of Christina LL., 233 AD2d 705, 709 [1996], lv denied 89 NY2d 812 [1997]). While respondent claimed to have sent the cards under the belief that a prior letter from petitioner’s wife permitting her to send cards and gifts “[took] precedent” over the subsequent June 2010 email prohibiting contact and based upon the advice of professionals that it was important that she continue to have contact with her grandchildren, Family Court rejected those explanations and we will not disturb its determination in that regard (see Matter of Jodi S. v Jason T., 85 AD3d at 1241; Matter of Paul T. v Ann-Marie T., 75 AD3d 788, 790 [2010], lv denied 15 NY3d 713 [2010]; Matter of Draxler v Davis, 11 AD3d 760, 760-761 [2004]). Thus viewed, the record supports the finding that respondent committed the offense of aggravated harassment in the second degree (see Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1082 [2011]; Matter of Boua TT v Quamy UU., 66 AD3d at 1166; Matter of Boulerice v Heaney, 45 AD3d 1217, 1218-1219 [2007]).
Nor did Family Court abuse its discretion by permitting petitioner to conform the pleadings to reflect the proof adduced at the hearing to the effect that respondent was aware as early as June 2010 that she was to have no further contact with petitioner or his family. A motion to conform the pleadings to the proof is committed to the sound discretion of the court and, absent surprise or undue prejudice, should be freely granted (see Murray v City of New York, 43 NY2d 400, 404-405 [1977]; *1429 Pato0n v Weltman, 23 AD3d 895, 896 [2005]; Matter of Chesko v Chesko, 274 AD2d 729, 730 [2000]; Matter of Tina T. v Steven U., 243 AD2d 863, 864 [1997], lv denied 91 NY2d 805 [1998]). The affidavits submitted by petitioner and his counsel in opposition to the motion to dismiss specifically alleged that respondent had been advised long before the March 16, 2011 agreement that she was not to have any contact with petitioner, his wife or their children. Thus, respondent was aware of this proof well before the hearing. Furthermore, respondent’s own counsel questioned her at the hearing as to whether she had notice, prior to March 16, 2011, that petitioner did not want her to contact his family, and specifically referenced the June 2010 email. There being no showing that respondent was surprised or prejudiced by this proof, we discern no error (see Matter of Jewle I., 44 AD3d 1105, 1107 [2007]; Matter of Tina T v Steven U, 243 AD2d at 864; Matter of Michelle S., 195 AD2d 721, 722 [1993]). Contrary to respondent’s further contention, Family Court did not impair her ability to present relevant evidence on that issue (see generally Matter of Roseboom v Carreras, 254 AD2d 548, 549 [1998]).
Finally, respondent challenges the provision in the order of protection barring her from having any contact with petitioner’s children. Reasonableness is the guiding consideration in determining what conditions to impose in an order of protection (see Family Ct Act § 842; Matter of Jodi S. v Jason T, 85 AD3d at 1242; Matter of Gil v Gil, 55 AD3d 1024, 1025-1026 [2008]), and “[t]he major criterion of the reasonableness of conditions imposed is whether they are likely to be helpful in eradicating the root of family disturbance” (Matter of Leffingwell v Leffingwell, 86 AD2d 929, 930 [1982]; see Matter of Miriam M. v Warren M., 51 AD3d 581, 582 [2008]). Under the particular circumstances of this case, we find that Family Court’s decision to include the children in the order of protection was reasonable and necessary to end the source of the family disruption and, therefore, was a proper exercise of its discretion (see Matter of Richardson v Richardson, 80 AD3d 32, 44 [2010]; Matter of Gonzalez v Acosta, 73 AD3d 921, 922 [2010]; Matter ofDellTsola v Dell’Isola, 19 AD3d 488, 488-489 [2005]).
Respondent’s remaining contentions are either not properly before us or have been reviewed and found to be without merit.
Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.