Matter of Norea CC. (Anna BB.) (2024 NY Slip Op 03211)

Matter of Norea CC. (Anna BB.)

2024 NY Slip Op 03211

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0149
[*1]In the Matter of Norea CC., Alleged to be a Neglected Child. Schenectady County Department of Social Services, 
 Petitioner; Anna BB. Appellant. (Proceeding No. 1.)
In the Matter of Norea CC., Alleged to be a Neglected Child. Schenectady County Department of Social Services, 
 Petitioner; Francis CC., Appellant. (Proceeding No. 2.)

Calendar Date:June 5, 2024

Before:Pritzker, J.P., Lynch, Ceresia, Fisher and Mackey, JJ.

Dana L. Salazar, East Greenbush, for Anna BB., appellant in proceeding No. 1.
Carolyn Snyder Lemmon, Albany, for Francis CC., appellant in proceeding No. 2.
Sandra M. Colatosti, Albany, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Rensselaer County (Jill A. Kehn, J. and Elizabeth M. Walsh, J.), entered December 23, 2022, which, in two proceedings pursuant to Family Ct Act article 10, rejected a transfer from the Family Court of Schenectady County.
Respondent Anna BB. (hereinafter the mother) and respondent Francis CC. (hereinafter the father) are the parents of the subject child (born in 2022). Three days after the child's birth, petitioner filed a prepetition application for temporary removal of the child in Schenectady County Family Court because it believed that the child's placement in respondents' home would be contrary to her best interests and would put her in imminent risk of harm. Given the child's age, many of the allegations in the prepetition application were derivative of allegations against respondents in a pending proceeding, in which respondents were alleged to have neglected their two older children.[FN1] A hearing was scheduled for the same day, during which respondents both argued that Schenectady County was not the proper venue for the proceedings because they resided in Rensselaer County and the child was born in Albany County. Schenectady County Family Court (Blanchfield, J.), noting the "imminent risk" that existed, exercised its emergency jurisdiction and granted petitioner's prepetition application for temporary removal of the child but indicated that "were a formal petition to be filed, [venue] would not be [proper in] Schenectady County" because neither respondents nor the child, who as a newborn shares the residence of her parent, resided in the county. Accordingly, the court ordered that the prepetition application be transferred to Rensselaer County Family Court.
Petitioner then attempted to formally commence these proceedings by filing petitions against the mother and the father in Rensselaer County Family Court, alleging child neglect. Soon after, Schenectady County Family Court entered an order removing the child and placing her in the custody of petitioner. Following Rensselaer County Family Court's apparent rejection of the transfer to Rensselaer County,[FN2] petitioner re-filed the neglect petitions against respondents in Schenectady County Family Court on December 13, 2022.[FN3] Respondents then each separately moved by order to show cause to again transfer the proceedings to Rensselaer County Family Court.[FN4] Schenectady County Family Court determined that because the child was a newborn, her legal residence and domicile was that of her parents, which was in Rensselaer County. Accordingly, it held that venue was not proper in Schenectady County and ordered that the proceedings — now formally commenced — again be transferred to Rensselaer County Family Court. Rensselaer County Family Court (Kehn, J. and Walsh, J.), with two judges from that court signing the order, rejected the transfer, finding that the matter should remain in Schenectady County. Respondents appeal.
Initially, it is noted that an order of [*2]transfer, and by affiliation, an order rejecting transfer, "is not appealable to this Court as of right since it is not an order of disposition which is final in nature, [and] the matter is not properly before [this Court] because [respondents] did not seek permission to appeal" (Matter of McDermott v McDermott, 69 AD3d 1008, 1008 [3d Dept 2010] [internal quotation marks, brackets and citations omitted]). Nevertheless, as this appeal involves a novel issue, this Court will treat the notices of appeal as seeking permission to appeal and grant such permission (see Family Ct Act § 1112 [a]; Matter of James R. v Jennifer S., 188 AD3d 1509, 1510 n 1 [3d Dept 2020]).
"As may be provided by law, the county court, the surrogate's court, [and] the family court . . . may transfer any action or proceeding, other than one which has previously been transferred to it, to any other court, except the supreme court, having jurisdiction of the subject matter in any other judicial district or county provided that such other court has jurisdiction over the classes of persons named as parties" (NY Const, art VI, § 19 [h]).[FN5] "Each court shall exercise jurisdiction over any action or proceeding transferred to it pursuant to this section" (NY Const, art VI, § 19 [j]; but see Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1080 [3d Dept 2011]).[FN6]
In child protective proceedings, venue is proper in the county where "the child resides or is domiciled at the time of the filing of the petition or in the county in which the person having custody of the child resides or is domiciled" (Family Ct Act § 1015 [a]; see Matter of Tamara XX. v William YY., 199 AD3d 1244, 1249 [3d Dept 2021]; Matter of Gabriella UU. [Kelly VV.], 83 AD3d 1306, 1307-1308 [3d Dept 2011]). The newborn "child must be considered to be a domiciliary of [Rensselaer County], since [Rensselaer County] is the domicile of [her] parents, who have sole legal, if not actual physical custody" (Matter of Stanley R., 147 AD2d 284, 291 [2d Dept 1989]; see Matter of Kali-Ann E., 27 AD3d 796, 798 [3d Dept 2006], lv denied 7 NY3d 704 [2006]). "The family court in a county may for good cause transfer a proceeding to a family court in any other county where the proceeding might have been originated and shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated" (Family Ct Act § 174 [emphasis added]; see Matter of Carter v Van Zile, 162 AD3d 1127, 1128 [3d Dept 2018]; compare Matter of Aponte v Jagnarain, 205 AD3d 800, 802-803 [2d Dept 2022]; Matter of Emma D. [Kelly V.(D.)], 180 AD3d 1331, 1332 [4th Dept 2020], lv denied 35 NY3d 907 [2020]).
Rensselaer County Family Court did not have the authority to reject the transfer from Schenectady County Family Court (see NY Const, art VI, § 19 [h], [j]).[FN7] The statute governing venue in a child protective proceeding is based on the domicile or residence of the custodians of the child and the child (see Family [*3]Ct Act § 1015). There is simply no basis for maintaining a proceeding in a county where neither of the parents nor the subject child reside. Accordingly, the order is reversed, and the matter is transferred to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.
Pritzker, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, matter transferred to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision and, pending further proceedings, temporary placement of the child in foster care shall continue.

Footnotes

Footnote 1: The allegations against the mother regarding the older children were settled one month prior to the filing of this prepetition application for temporary removal when the mother admitted to findings of neglect regarding the older children. The allegations against the father were still pending at that time.

Footnote 2: According to Schenectady County Family Court, Rensselaer County Family Court (Walsh, J.) never issued an order rejecting the transfer. Instead, it directed the Chief Clerk of Rensselaer County Family Court to notify the Chief Clerk of Schenectady County Family Court of the rejection, which the Rensselaer County Chief Clerk did.
Footnote 3: In these petitions, petitioner lists the subject child's address of residence as respondents' home in Rensselaer County, despite the child having been removed to the custody of petitioner.

Footnote 4: Following Rensselaer County Family Court's rejection of the initial transfer, Schenectady County Family Court requested that petitioner show cause as to why the court should not vacate the temporary order for petitioner's failure to file a petition in the appropriate county in a timely manner. Petitioner responded in opposition, detailing the confusion from Rensselaer County Family Court and the lack of clarity regarding that court's rejection of the transfer. At a hearing held on December 13, 2022, petitioner noted its intention to re-file the neglect petitions in Schenectady County Family Court. Petitioner's Rensselaer County counterparts had no intention of filing neglect petitions in Rensselaer County, and, accordingly, Schenectady County Family Court, after acknowledging that petitioner should be permitted to file its neglect petitions somewhere, advised that if petitioner was going to file in Schenectady County that it do so and serve respondents right away so that they may move to transfer. The court made clear that it would entertain venue transfer arguments, and, to the extent that it did, it would analyze such separately and distinctly from its previous analysis regarding the proper venue for the prepetition application for temporary removal, because petitions would now be filed constituting the commencement of formal proceedings and Family Ct Act § 1015 would now govern.

Footnote 5: Transfer to "any other court" includes transfer from one family court to a family court in another county (see Matter of Dana Marie E., 123 Misc 2d 112, 124 [Fam Ct, Queens County 1983]).

Footnote 6: Although this Court has previously allowed a family court to transfer a case back (see Matter of Julie G. v Yu-Jen G., 81 AD3d at 1080; but see NY Const, art VI, § 19 [h], [j]), in that case the rejecting court still acted in accordance with the appropriate venue statutes when rejecting. For example, in Julie G., Rensselaer County Family Court initially transferred the case to Saratoga County Family Court (81 AD3d at 1080). Importantly, venue was proper in both counties (i.e., one of the parties lived in Rensselaer County and the other lived in Saratoga County at the time of commencement). However, Rensselaer County transferred it upon request due to the parties having previously litigated in Saratoga County (id.). Saratoga County Family Court subsequently "sen[t] the matter back" — this Court did not use the language "reject" but instead classified the move as transferring the case back — because the party living in Saratoga County at the time of commencement had since moved out of the county and no party to the proceeding currently lived in the county (id.). Accordingly, Saratoga County Family Court essentially transferred the case to a county with proper venue and for good cause shown (see Family Ct Act § 174).

Footnote 7: We note that Rensselaer County Family Court essentially and improperly acted as an appellate court when rejecting Schenectady County Family Court's transfer, as the court stated in its decision that it was "not persuaded" by the argument that Rensselaer County would be a more convenient venue for respondents. Family Courts generally have no such appellate power as those courts are "of limited jurisdiction and cannot exercise powers beyond those granted to it by statute" (Matter of Catholic Charities of R.C. Diocese of Syracuse v Barber, 109 Misc 2d 25, 26 [Fam Ct, Onondaga County 1981] [internal quotation marks and citation omitted], affd 84 AD2d 966 [4th Dept 1981]; accord Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333 [2d Dept 2022]; see NY Const, art VI, § 13 [b], [c]; Family Ct Act § 115; Matter of Alison RR., 190 AD3d 12, 13 [3d Dept 2020]). Moreover, the uniform rules applicable to Family Court establish an individual assignment system requiring that each proceeding be supervised by a single judge (22 NYCRR 205.3[a]). We perceive no authority for the subject order to have been signed by two judges.