■ In the Matter of BARBARA A. BERG, Respondent, v VINCENT P. MANTIA, Respondent. LEWIS S. CALDERON, Attorney for the Children, Nonparty Appellant. [909 NYS2d 134]—

In a family offense proceeding pursuant to Family Court Act article 8, the attorney for the children appeals from an order of the Family Court, Queens County (O'Connor, J.), dated September 22, 2009, which, after a hearing, dismissed the petition.

Ordered that the appeal from so much of the order as dismissed so much of the petition as alleged that the father committed family offenses against the mother is dismissed, without costs or disbursements, as the nonparty-appellant is not aggrieved by that part of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, so much of the petition as alleged that the father committed family offenses against the subject children is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The mother commenced this family offense proceeding alleging, inter alia, that the respondent, who is her husband and the father of their three children, committed specific family offenses against her and the children during an incident that occurred on April 10, 2009. At a hearing on the petition, after the mother rested her case on behalf of herself and the children, the Family Court determined that the subject children had not been named as parties to the petition, and, therefore, did not consider the sufficiency of the evidence as to family offenses committed by the father against the children. The Family Court further determined that the evidence failed to establish, prima facie, that a family offense was committed by the father against the mother, and dismissed the petition. The attorney for the children appeals. The mother has not appealed.

Contrary to the Family Court's determination, upon the record presented, the mother properly commenced the proceeding on behalf of herself and the three children (see Family Ct Act §§ 821, 822; Matter of Bibeau v Ackey, 56 AD3d 971, 972 [2008]; Matter of Hamm-Jones v Jones, 14 AD3d 956, 959 [2005]). Therefore, the Family Court erred in failing to consider the evi-

dence of the family offenses committed against the children. Accordingly, the matter must be remitted to the Family Court, Queens County, to give the father an opportunity to present evidence on his behalf, if he be so advised, and then for a determination by the Family Court of so much of the petition as was brought on behalf of the children. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.