■ In the Matter of PAMELA N., Appellant, v NEIL N., Respondent. (And Three Other Related Proceedings.) [941 NYS2d 751]—

Spain, J.P. Appeals from four orders of the Family Court of Saratoga County (Jensen, J.), entered April 27, 2011, which, in four proceedings pursuant to Family Ct Act articles 6 or 8, granted respondent's motions to dismiss the petitions.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2003 and had twins in 2005. In December 2008, after a hearing, Family Court (Abramson, J.) dismissed the mother's previous Family Ct Act article 8 family offense proceeding which alleged that the father had committed certain unlawful acts. The court also vacated all temporary orders of protection in favor of the mother. The father was

awarded custody by order of August 20, 2010. In December 2010, the mother filed two family offense petitions against the father, and filed a third such petition—at issue here—in February 2011, as well as a modification of custody petition. Family Court (Jensen, J.) granted the father's motions to dismiss the two December 2010 family offense petitions, and also dismissed the custody petition given that a divorce action was then pending in Supreme Court. The court also dismissed the February 2011 family offense petition, on the father's motion, for failure to state a cause of action (*see* CPLR 3211 [a] [7]), without a hearing. The mother now appeals.

Initially, while the mother filed a notice of appeal for each of the four orders dismissing her petitions, in her brief she addresses only the order dismissing her February 2011 family offense petition. As such, we deem her appeals from the orders dismissing the other three petitions to be abandoned (*see Matter of Dana A. v Martin B.*, 72 AD3d 1136, 1137 n [2010]).

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see* CPLR 3026). We accept the facts as alleged in the [petition] as true, accord [the petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Presented with a motion to dismiss pursuant to CPLR 3211 (a) (7), which is proper here in that family offense proceedings under Family Ct Act article 8 are civil in nature (*see* Family Ct Act § 812 [2] [b]), "a court may freely consider affidavits submitted by [the petitioner] to remedy any defects in the [petition]" (*Leon v Martinez*, 84 NY2d at 88), and "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

A family offense proceeding is originated by filing a petition alleging that, among other things not here in issue, the respondent committed one of the enumerated offenses against, among others, a spouse, former spouse or child (*see* Family Ct Act § 812 [1]; § 821 [1]). In her pro se February 2011 petition, the mother checked all boxes on the petition form listing those enumerated offenses. Her attached affidavit and handwritten answers contained many conclusory, irrelevant, ambiguous and insufficiently specific allegations, including claims against individuals who are not "members of the same family or household" (Family Ct Act § 812 [1] [a]-[e]). However, liberally construing

the petition and giving it the benefit of every favorable inference, as we must (*see Leon v Martinez*, 84 NY2d at 87-88), we find that while it was inartfully drafted, it adequately alleged—at the very least—that the father had stalked and harassed her.

For example, the mother alleged in her affidavit that on November 23, 2008,* the father came to her house while she had the children and threatened and harassed her, making excuses for his presence; he then called her three times that evening and continued to make excuses for coming to her house, leading her to file a domestic incident report with police the next day. These allegations, among others, describe the type of conduct required to originate a family offense proceeding (*see* Family Ct Act § 821 [1]) in that they adequately allege, so as to survive a motion to dismiss for failure to state a cause of action (*see* CPLR 3211 [a] [7]), that the father, acting with the requisite intent that is inferable from the alleged circumstances, engaged in a course of conduct which alarmed or seriously annoyed the mother, which served no legitimate purpose, thereby committing the offense of harassment in the second degree (*see* Penal Law § 240.26 [3]; *Matter of Jodi S. v Jason T.*, 85 AD3d 1239, 1241 [2011]; *Matter of Amber JJ. v Michael KK.*, 82 AD3d 1558, 1559-1560 [2011]; *cf. Matter of Brennan v Anesi*, 283 AD2d 693, 694-695 [2001]). Additionally, the allegations, if credited, are sufficient to allege that respondent committed the offense of stalking in the fourth degree (*see* Penal Law § 120.45 [1], [2]).

Thus, we agree with the mother and attorney for the children that Family Court should not have dismissed the petition in its entirety but, rather, should have waded through the myriad allegations and dismissed with specificity only those which did not sufficiently allege conduct that constituted harassment, stalking or any other act listed in Family Ct Act § 821 (1) (*see Matter of Charles E. v Frank E.*, 72 AD3d 1439, 1440 [2010]; *see also Matter of Opray v Fitzharris*, 84 AD3d 1092, 1092-1093 [2011]). Mindful that in this civil proceeding "the primary function of a pleading is to apprise an adverse party of the pleader's claim" (*Cole v Mandell Food Stores*, 93 NY2d 34, 40 [1999]),

---

* Notably, Family Ct Act § 812 (1) contains no statute of limitations and is not subject to the traditional defense of laches, as the issue is the "imminence of the danger" and not the age of the threat (*Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093 [2011] [internal quotation marks and citation omitted]). Under the 2010 amendments to Family Ct Act § 812 (1), the Legislature made clear that a family offense petition should not be dismissed "solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition." Here Family Court did not address or premise its dismissal on the untimeliness of any of the allegations in the petition.

and that a CPLR 3211 (a) (7) motion to dismiss turns on whether—based on the factual allegations—the mother has a claim, not whether she has stated one, the family offense petition should only have been dismissed to the extent these criteria have not been satisfied.

Also, Family Court stated during the appearance on this petition that some of the allegations therein pertain to "issues [that] were already resolved," presumably by the dismissal with prejudice of the mother's 2008 family offense petition that reportedly covered factual allegations up until October 21, 2008. While this suggests a res judicata or collateral estoppel analysis, we note that the father did not move to dismiss this petition on that ground (see CPLR 3211 [a] [5]), and the court did not premise its order of dismissal here on that ground. We thus decline to consider that issue at this juncture.

Finally, we reject the father's claim—raised for the first time on appeal—that Family Court had no basis to appoint an attorney to represent the children in these proceedings. While not statutorily mandated, it was well within the court's discretion to appoint an attorney for the parties' children to protect their interests in family offense and custody proceedings (see Family Ct Act § 249 [a]; see also Matter of Amato v Amato, 51 AD3d 1123, 1124-1125 [2008]). Particularly given the allegations that the father committed family offenses in the presence of the children, who reportedly have special needs, we reject his appellate assertion that the "children are not involved" in this petition. Moreover, as the children themselves could have originated a family offense proceeding against him (see Family Ct Act § 822 [a]; Matter of Berg v Mantia, 77 AD3d 827, 827-828 [2010]), his claim that they or their attorney "lack standing" to seek to reinstate the mother's family offense petition on this appeal is meritless.

Malone Jr., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order entered April 27, 2011 granting respondent's motion to dismiss the February 18, 2011 petition is reversed, on the law, without costs, said motion denied and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision. Ordered that the orders entered April 27, 2011 granting respondent's motions to dismiss the remaining three petitions are affirmed, without costs.