In the Matter of AHTIRA UPENDRAN NAIR, Respondent, v JAYAKRISHNAN KRISHNAN NAIR, Appellant. [979 NYS2d 110]—

In a family offense petition, Athira Upendran Nair (hereinafter the wife) alleged that her spouse, Jayakrishnan Krishnan Nair (hereinafter the husband), committed family offenses against her. Thereafter, the Family Court entered a final order of protection, dated January 12, 2012, in favor of the wife and against the husband. The final order of protection indicates that it was entered on the husband's default in appearing at a hearing and that it was to remain in force until and including January 12, 2013. The husband moved pursuant to CPLR 5015 (a) (1) to vacate the order of protection, and the court denied the motion.

In light of the enduring consequences that may potentially flow from a finding that a party committed a family offense, an appeal from an order of protection made on a finding that a party committed a family offense is not academic even though the order of protection has expired (*see e.g. Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]; *Matter of DeSouza-Brown v Brown*, 38 AD3d 888 [2007]; *Matter of Kravitz v Kravitz*, 18 AD3d 874, 875 [2005]; *Matter of Wissink v Wissink*, 13 AD3d 461, 462 [2004]). However, where, as here, the order of protection expired by its own terms, and was not

predicated on an adverse finding against the appealing party, an appeal from an order denying a motion to vacate the order of protection must be dismissed as academic (*see Matter of Jurow v Cahill*, 56 AD3d 559, 559 [2008]; *Matter of Mayorca-Piccolo v Piccolo*, 37 AD3d 913, 913-914 [2007]; *Matter of Schreiber v Schreiber*, 2 AD3d 1094, 1095 [2003]). Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.