■ In the Matter of AMBIKA RABBANI, Respondent, v ZENAIB MOHAMMAD, Appellant. [995 NYS2d 210]—

In a family offense proceeding pursuant to Family Court Act article 8, Zenaib Mohammad appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Corrigan, J.), dated May 20, 2013, as denied that branch of her motion which was to vacate a final order of protection of the same court (Delligatti, J.) dated November 28, 2012, entered upon her consent.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

On November 28, 2012, the appellant consented to the entry of a final order of protection against her, without making any admission of wrongdoing. The appellant subsequently moved, inter alia, to vacate the final order of protection, alleging that she had been deprived of the effective assistance of counsel. In the order appealed from, the Family Court denied that branch of the appellant's motion which was to vacate the final order of protection. The final order of protection has now expired by its own terms.

In light of the enduring consequences that may potentially flow from a finding that a party committed a family offense, an appeal from an order of protection predicated upon a finding that a party committed a family offense is not academic even though the order of protection has expired (*see Matter of Samida v Samida*, 116 AD3d 779 [2014]; *Matter of Saldivar v Cabrera*, 109 AD3d 831 [2013]; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]). Here, however, the final order of protection, which expired by its own terms, was not predicated upon an adverse finding that the appellant committed a family offense. Under these circumstances, the issuance of the final order of protection did not constitute a permanent and significant stigma which might indirectly affect the appellant's status in potential future proceedings and, thus, the appeal from the denial of that branch of the appellant's motion which was to vacate the final order of protection must be dismissed as academic (*see Matter of Nair v Nair*, 113 AD3d 688, 688-689 [2014]; *Matter of Francis v Francis*, 90 AD3d 925, 926 [2011]; *Matter of Nancy C. v Alison C.*, 57 AD3d 986, 986-987 [2008]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.