■ In the Matter of RONNIE B., Respondent, v CHARLENE G., Appellant. [28 NYS3d 862]—

Order, Family Court, New York County (Tamara Schwartz, Ref.), entered on or about April 30, 2015, which denied respondent's motion to dismiss the family offense petition for failure to state a cause of action, unanimously modified, on the law, to grant the motion as to the allegation that respondent telephoned and sent threatening text messages to the paternal grandmother, and otherwise affirmed, without costs.

The referee correctly denied respondent's motion to dismiss the petition to the extent it alleges that, on a specified date, respondent telephoned repeatedly, making threats of physical harm to petitioner and his family, since that allegation states a

cause of action for harassment in the first or second degree (*see* Penal Law §§ 240.25, 240.26; *Matter of Pamela N. v Neil N.*, 93 AD3d 1107 [3d Dept 2012]; *see also Matter of Little v Renz*, 90 AD3d 757 [2d Dept 2011]). However, the allegation that respondent telephoned and sent threatening text messages to the paternal grandmother fails to state a cause of action for a family offense because those alleged actions were not directed at petitioner or the children (*see Matter of Janet GG. v Robert GG.*, 88 AD3d 1204 [3d Dept 2011], *lv denied* 18 NY3d 803 [2012]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.