Matter of Nina M. T. v DeSabato (2021 NY Slip Op 05574)





Matter of Nina M. T. v DeSabato


2021 NY Slip Op 05574


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-06652
 (Docket No. V-9548-19)

[*1]In the Matter of Nina M. T. (Anonymous), petitioner- respondent, 
v
Coreen DeSabato, respondent-respondent, Matthew Thomas, appellant.


Law Office of John M. Zenir, Esq., P.C., Garden City, NY, for appellant.
Amy L. Colvin, Huntington, NY, attorney for the child, the petitioner-respondent.
Regina A. Matejka, Garden City, NY, for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 30, 2020. The order, after a hearing, sua sponte, awarded sole legal and residential custody of the subject child to the mother and supervised therapeutic parental access to the father.
ORDERED that the order is reversed, on the law, without costs or disbursements.
The mother and the father, who were never married, are the parents of a child born in February 2004 who has significant medical disorders. When the child was seven years old, the mother and the father consented to the entry of an order dated June 10, 2011, that awarded them joint legal custody of the child, with the mother having primary residential custody and the father having parental access, and awarded the mother sole decision-making authority with regard, inter alia, to the child's medical care (hereinafter the prior order of custody).
On September 10, 2018, and December 17, 2018, the father filed petitions to modify the prior order of custody so as to award him sole legal and residential custody of the child, alleging that the mother was giving the child excessive amounts of certain substances, including L-tryptophan and diphenhydramine. On December 14, 2018, the mother filed a violation petition, alleging, inter alia, that the father was not complying with the prior order of custody and requesting that the prior order of custody be modified so as to restrict the father's participation in medical treatment of the child. On October 31, 2019, while the parents' petitions were pending and a hearing was being conducted, the attorney for the child filed a petition requesting that the mother be awarded temporary custody of the child and that the father's parental access be temporarily suspended. The Family Court thereafter conducted a hearing on the petition filed by the attorney for the child.
On November 12, 2019, the Family Court granted the mother's motion to dismiss the father's two modification petitions and re-opened the hearing on the petition filed by the attorney for the child. The mother subsequently filed a petition to modify the prior order of custody so as to restrict the father's participation in medical treatment of the child and then presented her case on her [*2]violation petition and her modification petition. The re-opened hearing on the petition filed by the attorney for the child concluded on November 26, 2019, and the hearing on the mother's petitions continued. On January 30, 2020, the mother filed a petition to modify the prior order of custody so as to award her sole custody of the child. At a court appearance on March 5, 2020, the mother's violation petition and first modification petition were settled pursuant to a stipulation that modified the prior order of custody by, inter alia, restricting the father's participation in the child's medical care. On that date, the court stated that it understood that the petition filed by attorney for the child sought temporary relief, all counsel declined the opportunity to make additional arguments, and the court marked the petition "submitted." Thereafter, in an order dated April 30, 2020, the court determined the petition filed by the attorney for the child by awarding sole legal and residential custody of the child to the mother and supervised therapeutic parental access to the father. The mother's second modification petition, seeking sole custody of the child, was subsequently withdrawn on May 19, 2020. The father appeals from the order dated April 30, 2020.
The relief granted by the Family Court was "dramatically unlike" the relief requested by the attorney for the child (Matter of Myers v Markey, 74 AD3d 1344, 1345 [internal quotation marks omitted]). While the attorney for the child requested an award of temporary custody to the mother and a temporary suspension of the father's parental access, the court issued an order that "superceded [sic]" the prior order of custody and any orders that incorporated the prior order of custody, and awarded sole legal and physical custody of the child to the mother and supervised therapeutic parental access to the father. The petition filed by the attorney for the child sought temporary relief, and as such, the father was not on notice that the court would issue a final custody determination on this petition. Accordingly, the court erred in, sua sponte, granting such relief (see id. at 1345).
In light of our determination, we need not reach the father's remaining contentions.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court