Matter of Tammy TT. v Charles TT. (2022 NY Slip Op 02844)

Matter of Tammy TT. v Charles TT.

2022 NY Slip Op 02844

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

532822
[*1]In the Matter of Tammy TT., Appellant,
v
Charles TT., Respondent.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Shaw & Murphy, PLLC, Ithaca (Liam G.B. Murphy of counsel), for respondent.

Lynch, J.
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered January 13, 2021, which, in a proceeding pursuant to Family Ct Act article 8, granted respondent's motion to dismiss the petition.
At the time this proceeding was commenced, petitioner (hereinafter the wife) and respondent (hereinafter the husband) were married with an adult child. In August 2020, the husband commenced a divorce proceeding against the wife. A few weeks later, the wife, then self-represented, commenced the instant Family Ct Act article 8 proceeding against the husband alleging that he had committed family offenses against her, including identity theft and stalking. In her written submission annexed to the petition, the wife also alleged that the husband engaged in behavior that, if sufficiently established, would constitute sexual misconduct. The wife was subsequently assigned counsel and the husband moved to dismiss the petition for failure to state a cause of action (see CPLR 3211 [a] [7]). Family Court granted the motion, finding that the wife's allegations were "based on conjecture," the sexual misconduct claim was not sufficiently pleaded and, in any event, it was premised upon events that occurred 10 to 12 years prior. The wife appeals.
Family Court has jurisdiction to adjudicate family offense petitions concerning acts that constitute certain violations of the Penal Law (see Family Ct Act § 812 [1]), including, as relevant here, identity theft, stalking and sexual misconduct. As family offense proceedings are civil in nature, the Civil Practice Law and Rules governing motions to dismiss for failure to state a cause of action apply (see Family Ct Act § 812 [2] [b]; Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108 [2012]). When analyzing a motion under CPLR 3211 (a) (7), "'[w]e accept the facts as alleged in the [petition] as true, accord [the petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory'" (Matter of Pamela N. v Neil N., 93 AD3d at 1108, quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Matter of Walter Q. v Stephanie R., 201 AD3d 1142, 1144 [2022]). The criterion is "'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Matter of Pamela N. v Neil N., 93 AD3d at 1108, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
In dismissing the wife's petition, Family Court found that "[m]ost of the allegations . . . [we]re based on conjecture." We agree with this finding as it pertains to the stalking and identity theft charges, the two charges expressly checked in the boxes on the petition. As relevant here, stalking in the fourth degree — a family offense under Family Ct Act § 812 (1) — requires proof that a person "intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct[*2]. . . is likely to cause reasonable fear of material harm to the physical health, safety or property of such person
. . . or causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person . . . and the actor was previously clearly informed to cease that conduct" (Penal Law § 120.45 [1], [2]).
During an appearance on the wife's petition in September 2020, before she was assigned counsel, she gave sworn testimony to Family Court that, in August 2019, after the husband had moved out of the residence, he told her that he had "eyes everywhere. And then he told [her] days and what cars and how long they were parked in [her] driveway [and] [h]e wanted to know when [she] left, how come [she] was gone overnight." The wife further asserted in a September 18, 2020 attachment to the petition that the husband had access to a key-making machine and that his "brother-in-law used to be a licensed locksmith with a lock picking set that [the husband] could gain access to." She recounted a situation the prior October when she cleaned her bedroom, took "everything off [her] headboard" and left the house. However, when she returned, her missing baptismal record was allegedly "sitting in the middle of [her] headboard." The wife further alleged that objects in her house would move from how she placed them and, "just within the last three week[s]," movies and sewing supplies were taken from her residence. The wife also alleged that, the week prior, she found her front door key in her recycling bin even though she had not placed it there. She stated that she "think[s]" the husband and his girlfriend were to blame in this respect. The wife also alleged that there were often strange cars at her house and "mysterious noises," emphasizing that she was "afraid all the time" and believed the husband was stalking her.
We agree with Family Court that these allegations are speculative, for the wife's supposition that she "think[s]" the husband was entering her home and moving items is not factual and cannot serve as a foundation for the stalking claim.[FN1] The court also properly dismissed so much of the petition as alleged the family offense of identity theft in the third degree, as the wife did not allege any facts indicating that the husband himself assumed her identity, instead claiming that he helped someone else do so (see Penal Law § 190.78 [1], [2]).
Although the wife did not check the box on the petition to include "sexual misconduct" as a claimed offense, she did include a note to "see attached." In a written statement attached to the petition, the wife explained that, following the death of her mother in 2008, she did not "remember the next [two] years." She explained that she began to have nightmares, which she determined represented events during that two-year period. She then recounted a conversation that she allegedly had with the husband [*3]during which she expressed that she thought her nephew had "raped" her, indicating that this occurred several years prior. The husband allegedly replied that he "kn[ew]" the nephew had raped her because he found her in a compromising position on the bed thereafter. According to the wife, the husband then said that "it made [him] so excited [he] just had to take a ride too." Although the wife's statement indicates the sexual assault occurred during the two-year period, it is unclear when her conversation with the husband took place.
In its decision, Family Court duly recognized that a family offense petition may not be dismissed "solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition" (Family Ct Act § 812 [1]; see Matter of Pamela N. v Neil N., 93 AD3d at 1109 n). Even though the described episode took place some 10 to 12 years before the petition was filed, "the issue is the imminence of the danger and not the age of the threat" (Matter of Pamela N. v Neil N., 93 AD3d at 1109 n [internal quotation marks and citations omitted]). The recounted event, however, is based on the wife's perception of a memory, derived from nightmares from a two-year period that, by the wife's own account, she does not remember. The contention is simply too speculative to provide a factual basis for the claim. Moreover, as Family Court observed, the parties continued to reside together until August 2019, and the record does not otherwise demonstrate that the wife was in imminent danger. As such, Family Court properly dismissed the petition.
Garry, P.J., Aarons, Colangelo and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Nor, for that matter, would these allegations validate a harassment claim as promoted in the wife's appellate brief.