Matter of Wiley v Wiley (2024 NY Slip Op 02202)

Matter of Wiley v Wiley

2024 NY Slip Op 02202

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-04077 
2022-04520
 (Docket Nos. O-6000-21, O-6000-21/22B)

[*1]In the Matter of Lisa E. Wiley, respondent,
v
John W. Wiley, Jr., appellant.

Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, John W. Wiley, Jr., appeals from (1) an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 22, 2022, and (2) an order of the same court dated May 10, 2022. The order dated April 22, 2022, upon granting the petitioner's application, in effect, pursuant to CPLR 3217(b) for leave to discontinue a proceeding alleging that John W. Wiley, Jr., violated an order of protection of the same court dated January 26, 2022, dismissed the proceeding without prejudice. The order dated May 10, 2022, denied the motion of John W. Wiley, Jr., to vacate the order of protection dated January 26, 2022, entered upon his failure to appear at a hearing.
ORDERED that the appeal from the order dated April 22, 2022, is dismissed, without costs or disbursements, as John W. Wiley, Jr., is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the appeal from the order dated May 10, 2022, is dismissed as academic, without costs or disbursements.
On September 8, 2021, the petitioner commenced a family offense proceeding against the appellant, her son, alleging that he had committed various family offenses against her. That same day, the Family Court issued a temporary order of protection in favor of the petitioner and against the appellant. On January 26, 2022, shortly before the expiration of the temporary order of protection, the court, upon the appellant's failure to appear at a hearing scheduled for that date, issued an order of protection directing the appellant, inter alia, to refrain from assaulting or harassing the petitioner until and including September 7, 2022. Shortly thereafter, the appellant moved to vacate the order of protection dated January 26, 2022. The petitioner then commenced a proceeding alleging, in effect, that the appellant violated the order of protection (hereinafter the violation proceeding). At a hearing on April 22, 2022, however, the petitioner made an application, in effect, pursuant to CPLR 3217(b) for leave to discontinue the violation proceeding without prejudice. The court granted the petitioner's application and, that same day, issued an order dismissing the violation proceeding without prejudice. Subsequently, by order dated May 10, 2022, the court denied the appellant's motion to vacate the order of protection dated January 26, 2022. These appeals ensued.
Initially, the appeal from the order dated April 22, 2022, must be dismissed. The appellant, who had previously sought to dismiss the violation proceeding, is not aggrieved by the [*2]order dismissing the violation proceeding (see id. § 5511; Matter of Agam B. [Janna W.], 121 AD3d 1109, 1109; Matter of Berg v Mantia, 77 AD3d 827, 827). Contrary to the appellant's contention, he is not aggrieved by the Family Court's determination to dismiss the violation proceeding without prejudice (see Matter of Curtis & Assoc., P.C. v Callaghan, 119 AD3d 782, 783; Matter of Carvel, 303 AD2d 405, 405).
Moreover, the appeal from the order dated May 10, 2022, must also be dismissed. "An appeal is not moot if the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment. Where the case presents a live controversy and enduring consequences potentially flow from the order appealed from, the appeal is not moot" (Matter of Turner v Estate of Turner, 223 AD3d 744, 745 [alterations and internal quotation marks omitted]). Therefore, "[i]n light of the enduring consequences that may potentially flow from a finding that a party committed a family offense, an appeal from an order of protection predicated upon a finding that a party committed a family offense is not academic even though the order of protection has expired" (Matter of Rabbani v Mohammad, 121 AD3d 1120, 1120; see Matter of Ritter v Ritter, 217 AD3d 772, 773). "However, where . . . [an] order of protection [has] expired by its own terms, and was not predicated on an adverse finding against the appealing party, an appeal from an order denying a motion to vacate the order of protection must be dismissed as academic" (Matter of Nair v Nair, 113 AD3d 688, 688-689; see Matter of Jordan v Jordan, 128 AD3d 1069, 1069-1070; Matter of Edemodu v Scott, 122 AD3d 734, 734). Here, the order of protection dated January 26, 2022, was issued based upon the appellant's default, not upon a finding that he committed a family offense, and it has since expired by its own terms. Accordingly, the appeal from the order dated May 10, 2022, denying the appellant's motion to vacate that order of protection must be dismissed as academic (see Matter of Jordan v Jordan, 128 AD3d at 1069-1070; Matter of Edemodu v Scott, 122 AD3d at 734; cf. Matter of Ritter v Ritter, 217 AD3d at 773).
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court