Matter of R.T. v L.T. (2025 NY Slip Op 01884)

Matter of R.T. v L.T.

2025 NY Slip Op 01884

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Docket No. O-19588/22|Appeal No. 3976|Case No. 2024-02024|

[*1]In the Matter of R.T., Petitioner-Appellant,
v
L.T., Respondent-Respondent.

Daniel X. Robinson, New York, for appellant.
Nathaly Velazquez, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (Lisa A. Daley, Ref.), entered on or about February 22, 2024, which granted respondent father's motion to dismiss petitioner mother's family offense petition based on res judicata and failure to state a cause of action, unanimously reversed, on the law, to deny the motion to dismiss the petition as to the mother's claims against the father only insofar as it seeks an order of protection in favor of the mother, and the mother's family offense petition restored, and otherwise affirmed, without costs.
In a prior neglect proceeding against the father in this family offense proceeding, an order was entered, upon the father's consent without admission pursuant to Family Court Act § 1051(a), sustaining the allegations that the father neglected the child by committing acts of domestic violence against the mother. The court issued a suspended judgment in the father's neglect case pursuant to Family Court Act § 1053, subject to conditions, and a six-month order of protection directing the father to stay away from the child and the mother, except for court-ordered supervised visitation, pursuant to Family Court Act § 1056. After six months, the court entered an order dismissing the neglect petition based on the expiration of the period of the suspended judgment and the automatic vacatur of the suspended judgment/dispositional order.
About two weeks later, the mother, then appearing pro se, commenced this family offense proceeding based, inter alia, on allegations that the father abused her in their minor child's presence on November 23, 2021, the same incident that was at issue in the neglect proceeding. The mother's petition further alleged that the father's abusive behavior had become more serious and increasingly violent over time when they lived together, that the father had "acted in a way [she] consider[ed] dangerous or threatening to me, my children or any member of my family," without specifying the additional threatening or dangerous acts, and that the father had appeared outside her home just two days after the order of protection in the neglect case expired.
The father moved to dismiss the mother's petition based upon res judicata and facial insufficiency. The mother opposed, arguing, among other things, that she should be permitted to amend the petition. The court granted the mother's request, but the mother never amended the petition. Family Court subsequently granted the father's motion and dismissed the mother's petition. We now reverse to the extent that we reinstate the mother's allegations pertaining to family offenses alleged to have been committed against her. Res judicata does not apply to bar the petition as to the mother's claims, because the mother was not a party to the prior neglect proceeding against the father, which concerned the welfare of the child (see Family Ct Act § 1035[d]; Matter of Andreija N. [Michael N. — Tiffany O.], 206 AD3d 1081, 1083 [3d Dept 2022]). In addition, Family Court [*2]may grant relief under article 8 of the Family Court Act that is not included under Family Court Act § 1056, including the issuance of orders of protection. Thus, the mother should be permitted to pursue the broader relief afforded by the Family Court Act in her family offense proceeding, which she could not have done in the neglect proceeding.
The allegations when liberally construed and accepted as true allege facts that, if proven, would establish that the father committed the family offenses of harassment in the first or second degree against the mother, warranting an order of protection (see Matter of Ronnie B. v Charlene G., 138 AD3d 605, 605-606 [1st Dept 2016]; Matter of Pamela N. v Neil N., 93 AD3d 1107, 1109 [3d Dept 2012]). The fact that the alleged specified acts of harassment occurred about one year before the mother commenced this family offense proceeding is not a basis for dismissal (Family Ct Act § 812[1]; see Matter of Damineh M. v Bedouin L. J., 225 AD3d 522, 523 [1st Dept 2024], lv denied 42 NY3d 903 [2024]). Furthermore, while the neglect proceeding may have focused on the November 23, 2021 incident in which the child witnessed the father abusing the mother, the mother's family offense petition describes the father's violence toward her as "getting worse and worse" throughout their relationship. As discussed above, should she prove her claims, Family Court may grant relief to the mother in this family offense proceeding that was not available in the neglect proceeding and may address more thoroughly the broader claims she asserts in her petition.
However, the specific allegations in the petition regarding the November 2021 incident, standing alone, even when construed liberally, fail to set forth facts which, if proven, would warrant an order of protection in favor of the child beyond what was previously determined necessary and sufficient in the neglect proceeding (see Matter of Little v Little, 175 AD3d 1070, 1072 [4th Dept 2019]; Matter of Derwood G. v Daniel R., 190 AD3d 520, 521 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025