Matter of Lockhart v Monica
2026 NY Slip Op 03535
June 5, 2026
Appellate Division, Fourth Department
Appeal From An Order Of The Family Court, Onondaga County (Julie A. Cecile, J.), Entered July 2, 2024, In A Proceeding Pursuant To Family Court Act Article 8. The Order, Among Other Things, Directed Respondent To Stay Away From The Subject Child.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF BETH LOCKHART, ESQ., ATTORNEY FOR THE CHILD, PETITIONER-RESPONDENT,
v
MELISSA MONICA, RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
259 CAF 24-01514
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
BETH A. LOCKHART, NORTH SYRACUSE, ATTORNEY FOR THE CHILD, PETITIONER-RESPONDENT PRO SE.

Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered July 2, 2024, in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from the subject child.
Greenwood, J.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by Greenwood, J.:
At issue on this appeal is whether an attorney for the child may file a family offense petition pursuant to Family Court Act article 8 on behalf of a child against a nonparent. We conclude that an attorney for the child has that authority and therefore affirm.
I.
In a separate Family Court Act article 6 proceeding, petitioner Attorney for the Child (AFC) was assigned to represent the subject child in November 2022 after the child's father filed a modification petition for custody against the child's mother. The parties stipulated to the matter being determined by a Court Attorney Referee, who issued a temporary order of custody that, inter alia, ordered that "neither party shall seek or allow an immediate family member to seek police inquiry or intervention absent a true life-threatening emergency (i.e., no wellness checks)." Respondent grandmother was not a party to the custody proceeding. At an appearance before the Referee in February 2023, after the parties represented that the grandmother was the "bad actor" regarding repeated calls to the police, the Referee essentially invited the AFC to file a family offense petition alleging harassment against the grandmother, which the AFC did that day on behalf of the child against the grandmother. The Referee subsequently recused herself, and Family Court referred the matter to a different Referee.
The grandmother moved to dismiss the petition, arguing that the AFC, as a nonparent, lacked standing to file a family offense petition on behalf of the child. The court denied the motion. At the trial on the petition, the evidence established that the grandmother made multiple calls to the police requesting welfare checks on the child and also made multiple child abuse referrals. The father testified that the child was scared and frightened when questioned by the police, including one incident where the father had to wake the child up to speak with the police.
The court adopted the Referee's recommendation that the grandmother committed the family offense of harassment in the second degree as set forth in Penal Law § 240.26 (3) and issued an order of protection against the grandmother in favor of the child. The grandmother appeals.
[*2]II.
The grandmother first contends that the order should be vacated and the petition dismissed because the court did not have jurisdiction over her, and the AFC lacked authority to bring this proceeding.
Initially, the grandmother's contention that the court lacked jurisdiction to impose conditions upon her because she was a nonparent, non-guardian who was not a party to the custody proceeding, is without merit. Pursuant to Family Court Act § 812 (1), Family Court has concurrent jurisdiction with criminal courts "over any proceeding concerning acts which would constitute . . . harassment in the second degree . . . between spouses or former spouses, or between parent and child or between members of the same family or household." Members of the same family or household means "persons related by consanguinity or affinity" (§ 812 [1] [a]). Thus, as the biological maternal grandparent of the child, the grandmother and the child are members of the same family, and thus the court had jurisdiction to issue an order of protection against the grandmother upon its finding that she committed the offense of harassment in the second degree.
With respect to the grandmother's contention that the AFC did not have the authority to file a petition against the grandmother, a family offense petition may be brought by:
"(a) Any person in the relation to the respondent of spouse, or former spouse, parent, child, or member of the same family or household;
(b) A duly authorized agency, association, society, or institution;
(c) A peace officer, acting pursuant to [their] special duties, or a police officer; [or]
(d) A person on the court's own motion" (Family Ct Act § 822).
Although the court did not rely upon subdivision (d) in denying the grandmother's motion to dismiss, we note that it may have been unaware of the first Referee's statements to the AFC where the Referee essentially invited the AFC to file the petition on behalf of the child against the grandmother.
Regardless, the child is a person "in the relation to the [grandmother] of . . . member of the same family" (Family Ct Act § 822 [a]; see § 812 [1] [a]). Parents may commence family offense proceedings on behalf of their children (see Matter of Samantha I. v Luis J., 122 AD3d 1090, 1091 [3d Dept 2014]; Matter of Berg v Mantia, 77 AD3d 827, 827 [2d Dept 2010]; Matter of Harris v Magee, 77 AD3d 944, 945 [2d Dept 2010]), and we conclude that an AFC may also file a petition on behalf of the child pursuant to subdivision (a) of section 822.
Family Court may, and in some instances must, appoint an AFC to represent a minor child's interests (see Family Ct Act §§ 241, 249 [a]). Whether an appointment is required by statute or at the court's discretion, as here, the appointment of counsel to represent a child "is often indispensable to a practical realization of due process of law" (§ 241). The legislature has recognized that children "often require the assistance of counsel to help protect their interests and to help them express their wishes to the court" (id.). Once the appointment is made, the court "cannot thereafter relegate the [AFC] to a meaningless role" (Matter of Figueroa v Lopez, 48 AD3d 906, 907 [3d Dept 2008]), and "children's attorneys are expected to participate fully in proceedings in which they are appointed" (Matter of Barbara T. v Acquinetta M., 164 AD3d 1, 8 [1st Dept 2018]). The AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]; see Matter of Sloma v Saya, 210 AD3d 1494, 1494 [4th Dept 2022]; Matter of Payne v Montano, 166 AD3d 1342, 1343 [3d Dept 2018]).
There are numerous cases where AFCs have filed petitions in Family Court seeking to modify a custody or visitation order (see e.g. Matter of Richard CC. v Lacey DD., 243 AD3d 1186, 1187 [3d Dept 2025]; Matter of William V. v Christine W., 206 AD3d 1478, 1478-1479 [3d Dept 2022]; Matter of Nina M.T. v DeSabato, 198 AD3d 791, 792 [2d Dept 2021]; Matter of [*3]Merkle v Henry, 133 AD3d 1266, 1267 [4th Dept 2015]; Matter of Rebecca B., 227 AD2d 315, 315 [1st Dept 1996]), even though there is no explicit statutory authority allowing them to do so. An AFC was also found to have standing to file objections to an order of a support magistrate even though the Family Court Act does not specify that objections may be filed by the child's attorney (see Barbara T., 164 AD3d at 7-8). We see no reason why an AFC cannot also file a petition on behalf of the child alleging a family offense. By allowing the AFC to file a family offense petition, we are furthering the AFC's duty to protect the child's interests (see Family Ct Act
§ 241), i.e., to prevent the further harassment of the child by the grandmother, which was raised and discussed in the child custody proceeding.
Although the authority of an AFC to file a family offense petition on behalf of a child has not been addressed directly by a court, the Third Department addressed it in passing in Matter of Pamela N. v Neil N. (93 AD3d 1107 [3d Dept 2012]). In that case, the mother had commenced a family offense proceeding against the father, which was dismissed, and the mother appealed (id. at 1108). The Court rejected the father's contention that Family Court had no basis to appoint an AFC to represent the children in the proceeding (id. at 1110). The Court noted that, "as the children could have originated a family offense proceeding against him . . . , his claim that they or their attorney 'lack standing' to seek to reinstate the mother's family offense petition on this appeal is meritless" (id. [emphasis added]).
In sum, we conclude that the court properly denied the grandmother's motion to dismiss the petition based on the AFC's lack of standing.
III.
The grandmother next contends that the AFC failed to prove by a preponderance of the evidence that the grandmother committed a family offense. We reject that contention. The AFC met her burden of establishing by a preponderance of the evidence that the grandmother committed the family offense of harassment in the second degree by making multiple calls to the police and contacting child welfare agencies concerning the child for no good reason (see Matter of Beck v Butler, 87 AD3d 1410, 1411 [4th Dept 2011], lv denied 18 NY3d 801 [2011]; see also Matter of Keith M. v Tiffany S.S., 177 AD3d 508, 508-509 [1st Dept 2019]; Matter of Doris M. v Yarenis P., 161 AD3d 502, 502-503 [1st Dept 2018]). The evidence established that the grandmother's "course of conduct or repeated[ ] . . . acts . . . alarm[ed] or seriously annoy[ed] [the child] and . . . serve[d] no legitimate purpose" (Penal Law § 240.26 [3]). Despite the grandmother's assertions that she was motivated by her concern for the child's safety, we conclude that the court had a reasonable basis to infer from the circumstances her "intent to harass, annoy[,] or alarm [the child]" (§ 240.26; see Matter of Carney v Carney, 231 AD3d 1535, 1536 [4th Dept 2024]; Matter of Inez A. v David A., 222 AD3d 547, 547 [1st Dept 2023]; Matter of Bianca L.C. v Alan H.D., 219 AD3d 1213, 1214 [1st Dept 2023]).
Contrary to the grandmother's further contention, the stay-away order of protection was warranted to end the family disruption (see Family Ct Act § 812 [2] [b]), was necessary to deter the grandmother from causing further unnecessary police visits (see generally § 842 [a]), and was in the best interests of the child (see Matter of Harrington v Harrington, 63 AD3d 1618, 1619 [4th Dept 2009], lv denied 13 NY3d 705 [2009]).
IV.
We have examined the grandmother's remaining contentions and
conclude that they do not warrant modification or reversal of the order.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court